McMULLEN et al. v. RITCHIE et al.

(Circuit Court, N. D. Ohio, E. D. June 14, 1893.)

No. 4,927.

**1. CREDITORS' BILL—PLEADING.**

In an equity suit by a judgment creditor to subject certain collateral securities held by creditors of the judgment debtor to the payment of the judgment after satisfaction of the collateral holder's claims, the judgment debtor has no right to compel a corporation, some of whose stock is in-cluded in such collateral, to show its books, on the ground that the col-lateral holders are mismanaging the corporation, and depressing the value of its stock as security.

**2. SAME—PARTIES—WIFE OF RESPONDENT.**

The wife of a judgment debtor is not entitled to be made a party de-fendant with him to a creditors' bill to subject collateral securities de-posited by him with certain of his creditors to the payment of the judg-

ment, after the satisfaction of the collateral holder's claims, merely because she has also deposited other collateral, not sought to be subjected to the payment of the judgment, with the same holders.

In Equity. Bill by James B. McMullen and George W. McMullen against Samuel J. Ritchie, Stevenson Burke, Henry B. Payne, and the executors of the Cornell estate, to subject certain collateral securities deposited by respondent Ritchie with his co-respondents, after the payment of their claims, to the payment of a judgment in favor of complainants. Heard on motion of respondent Ritchie for an order on the Canadian Copper Company to produce its books and papers, and on motion by Sophronia J. Ritchie to be made a party respondent. Both motions denied.

Williamson & Cushing, for complainants.

Burke & Ingersoll, for defendants Burke, Payne, etc.

W. S. Kerrnish and Green, Grant & Seiber, for defendant Ritchie and for Mrs. Ritchie.

RICKS, District Judge. This case is now before the court upon two motions: First, upon the application of the defendant Samuel J. Ritchie for an order upon the Canadian Copper Company to produce its books, records, and papers for the inspection of said defendant, and to make such parts of it as he may desire to offer testimony in this case; and, second, upon the application of Sophronia J. Ritchie to be allowed to become a party defendant in this case.

As to the first motion: This is a bill filed by the complainants, as judgment creditors, against the defendant Samuel J. Ritchie, as judgment debtor, and Stevenson Burke, Henry B. Payne, and the executors of the Cornell estate, as creditors of the judgment debtor, to subject certain stocks and credits which said creditors and co-defendants held as collateral security for the indebtedness due to them from the judgment debtor. The answers of the defendants Burke, Payne, and the Cornell executors admit that there is a large indebtedness due to them from the judgment debtor, Samuel J. Ritchie. They admit that from time to time said Ritchie has deposited with them, as security for the payment of said indebtedness, a large amount of stocks in various corporations, among which is a, large amount of stock issued by the Canadian Copper Company, in which said judgment debtor and his codefendants are all stockholders. To the answer filed by the executors of the Cornell estate, the defendant Samuel J. Ritchie filed what he terms a cross bill, in which he alleges that his codefendants are so managing the affairs and business of the Canadian Copper Company as to depreciate the value of its stock, and make it valueless as security for the payment of their indebtedness, and for the purpose of injuring said Ritchie. He asks for the privilege of examining the books of said copper company, and the right to inquire into the affairs and management of said corporation. I cannot find any authority for such a proceeding in a suit of this character. The complainants file their bill as judgment creditors, as aforesaid, and have rights

which must be respected in the conduct of the case. All they seek is their right to subject whatever surplus there may be after the satisfaction of the indebtedness due Burke, Payne, and the Cornell estate to the extinguishment of the judgment which they hold against Ritchie. In determining the amount of this surplus, and in what way it shall be applied to the satisfaction of complainants' judgment, the judgment debtor, Ritchie, has no right, upon any principle of equity pleading or practice, to bring into this action any controversy he may have with the Canadian Copper Company or with his codefendants as to the corporate management of said company. That is a controversy in which the complainants have no interest. If he could bring into this suit a controversy as to the management of the Canadian Copper Company, he might likewise bring into the suit a controversy as to the management of every other corporation, the stock of which is held by his codefendants as similar security. We would thus have injected into this suit several controversies involving the management of several different corporations. In this way, this controversy might be indefinitely prolonged, and the rights of the complainants indefinitely postponed. The defendant has no right, therefore, to bring such controversy into this suit, to delay the final determination of this cause, to the great expense and vexation of the complainants. If Ritchie has any equitable relief, as against his codefendants, for the improper management of the business of the Canadian Copper Company, his remedy is by an original suit. In such a proceeding, he would be the complainant, and would have a right, if proper grounds for relief are shown, to investigate the books of that concern, and inquire into its management. But he cannot bring into this action such a controversy, which is entirely foreign to the issue properly made between the complainants and the defendants.

The motion of said Ritchie is therefore denied.

As to the application of Sophronia J. Ritchie to become a party defendant in this case:

The collateral securities deposited with the defendants Burke, Payne, and the Cornell executors, referred to in the complainants' bill, and the surplus of which they seek to have applied to the satisfaction of their judgment, are the securities deposited with said defendants by the defendant Samuel J. Ritchie. These securities are set up in the answers filed by his codefendants. They are the only securities involved in this suit, and they are the only securities in the surplus of which the complainants are interested. In the application of Mrs. Ritchie to become a party defendant, she avers that after her husband deposited with the codefendants named the securities referred to in the complainants' bill, and in the answers of said defendants, she deposited with the said defendants other and additional securities, with her husband's consent, and at his request. It is for the protection of these securities that she now asks to be made a defendant in this case. But, as before stated, these securities are not involved in this litigation. The complainants do not seek to have any surplus that may arise from the sale

of such securities applied to the extinguishment of their debt. I therefore see no ground upon which Mrs. Ritchie can bring into this controversy any right she may have in those securities. The securities deposited by her husband will be first exhausted and applied to the extinguishment of the complainants' debt. Should they seek by this or any other proceeding to reach the additional securities deposited by Mrs. Ritchie, it will be time enough then to make her a party, and give her the opportunity to defend the same. But, until the complainants do ask for some relief or remedy as against Mrs. Ritchie and her securities, there is no issue upon which she can properly be made a defendant in this case.

Her motion is therefore denied.